Mr. Chief Justice Sharkey
delivered the following dissenting opinion.
Although it is with great reluctance that I dissent in any case, yet I cannot bring my mind to the conclusion that this action should be abated on the plea of the defendant. This suit is not brought in the name of an assignee or indorsee, nor is it for the use of a third person, but it is in the name of the Planters Bank, as plaintiff. The assignment of the note since the suit brought is pleaded. The language of the statute is very broad, it is true, but still we must look at its spirit and meaning. If the object of the legislature be apparent, it should be so construed as to accomplish that object, and there it should end. It declares “ That it shall not be lawful for any bank in this state to transfer by indorsement or otherwise any note, bill receivable or other evidence of debt; and if it shall appear in evidence, upon the trial of any action upon any such' note, bill receivable, or other evidence of debt, that the same was so transferred, the same shall abate upon the plea of the defendant,” I regard this provision not as a punishment on the bank, by compelling a forfeiture of its right of action, but as intended solely and exclusively for the benefit of bank debtors. Bank paper was then generally very *29 much depreciated, and the country was full of this depreciated currency, and it was designed to secure to debtors the right to pay the banks in their own notes. By allowing them to transfer their notes, debtors would have been compelled to pay the indorsees in the constitutional currency. But when the suit is brought in the name of the bank, this difficulty cannot occur. An assignee can then have no control of the matter. The legal rights of parties are determined by the record. If the bank alone is plaintiff of record, all the legal consequences follow and no assignee can change the rights of parties by asserting a claim. The court would not, under such circumstances, recognize the right of any one who was not a party to the record, and when the reason of the law fails the law itself should cease. An assignment made after suit brought, is but a transfer of the proceeds of the suit. The indorsee cannot make himself plaintiff in the suit; nor can he vary the right of recovery, or the defendant’s right to offsets, or his right to make satisfaction in a particular way. I regard the statute as applying only to cases in which the suit is brought in the name of the assignee or for his use. In such cases it gives the defendant the right to have the suit abated or not, at his discretion.
In the case of Payne, Green & Wood v. Baldwin, Vail, and Hufty, (3 S. & M. 661,) we held that the legal right of the bank to sue was not impaired by this act. Any act impairing that right would be unconstitutional. In this action she only seeks to enforce that right, she does not seek to enforce the right of the indorsee. She may sue on her notes, and she must sue in her own name, and if we abate this action, the only remedy she has is to bring another in the same way. There is no defect in the form of the action, or in the legal rights of the parties to the record. The transfer is prohibited by law, and it is therefore either void, or it is voidable. If it be void, it did not change any right. The legal right is still in the bank, and the suit being in her name, how can it be abated by that which was a nullity ? But suppose it be voidable merely, then what does the defendant get rid of by his plea? He gets rid of the assignment only. He remains debtor to the bank instead of being debtor to a third *30 person. Now I believe such assignments .to be voidable only, subject to be affirmed or avoided by the m'aker. When the action is brought in the name of the indorsee, by pleading the transfer in abatement, the maker gets rid of that action, because the plaintiff’s title fails. But when the suit is.in the name of the bank, she may answer such a plea by saying, admitting it to be true that the note has been transferred, your plea avoids nothing but the transfer; it does not affect our right of action, which does not depend on an indorsement. Such a plea strengthens our right to recover, because it admits a promise made to us,, and avoids the attempted change of that right. As an evidence that the act was only designed to prevent the banks from coercing payment in a sound currency, I may cite the supplemental act, passed.the day after the original act, which compels the banks to receive their notes at par in payment of debts due them. This act was no doubt intended to explain fully, and to .carry out.the original design. Thinking then that this plea was defective in substance, and regarding it as a waiver of all other pleas, my opinion is that the plaintiff was entitled to judgment on the demurrer.